Welch, J.
As we understand the case made by the original petition, this was an action seeking the correction of a mistalee, made by the plaintiffs themselves, or their attorney, in taking judgment in a former suit upon the same muse of action. If such be the true reading of the petition, *322 it is quite evident that the court below erred in holding it to be a good petition. By the first action the subject-mattei had Bicorne res adjudicada,. The judgment in that action was a bar to any future action, unless it could be avoided for some fraud or fault of the defendant, or at least, for some mutual mistake of the parties. No such fraud or mistake is alleged. The plaintiffs simply seek relief against their own carelessness, or that of their attorney, without showing any fault or omission by the adversary party. Such relief the law never administers. By refusing to relieve parties against the consequences of their own neglect, it seeks to make them vigilant and careful. On any other principle there would be no end to an action, and there would be an end to all vigilance and cafe in its preparation and trial.
Counsel for plaintiff in error, however, do not base their argument upon the case apparently made in the petition. They say that this was not a second action, to correct a mistake made in a former action brought upon the same cause. They claim that there were two assessments, one .for $365.90, and the other for $1,365.90 ; or rather, that the defendant is estopped from denying that there were two such assessments. The plaintiffs, they say, have recovered upon the first-named assessment, and have now brought their action, for the first time, upon the assessment for $1,365.90. Finding that the assessment for $365.90 was a raere fiction, although both parties are estopped to deny its actual existence, they are willing, although under no obligation, to give credit for its amount upon the real assessment, the $1,365.90, because, although the assessment of $365.90 was a mere fiction, the payment of the amount was no fiction.
But can the plaintiffs estop the' defendant from asserting what they themselves allege in their petition to be true. Can they assert the identity of the causes of action, and estop the defendant from doing the same thing ? Can they, on demurrer to their own petition, deny its truth % Possibly, under our code, which requires a party to set forth the actual facts of his case, and verify them by his oath, cases may be supposed where this would be admissible. In such cases, how *323 ever, it seems to me that the party should, in the same pleading in which he sets forth the actual facts, do what the pleader has failed to do here — insist upon the benefit of the estoppel. We are relieved, however, from deciding any such questions, as we are satisfied that the case made in the petition does not show the technical falsity of the allegation therein, that the former suit was for the same cause of action. Had the plaintiffs seen proper to bring their actjon upon the assessment alone, omitting all notice of the former suit, and thus given the defendant the opportunity to plead and produce the record of the former proceeding, we could then have determined, from its inspection, whether the alleged mistake was in matter of essential description going to the identity of the cause of action, or a mere mistake as to the amount due. Instead of the record we have only the plain tiffs’ statement of the former proceeding. They say it was an action for the same cause. Now, from the description of the cause of action contained in the petition, this may or may not be technically true. The petition in the former action might well set forth the cause of action without specifying the amount of the assessment on lot 500, and thus not make that amount matter of description. It was sufficient in that action to set forth the cost of the improvement, the aggregate amount of the appraisement of the lots, and the appraisement of this particular lot. Erom these facts the amount assessed against the lot in question would sufficiently appear, without directly giving the same; and if the amount were by mistake set down as $365.90, instead of $1,365.90, it might be stricken out as surplusage. Indeed, it does not at all seem probable to us, that in any proper form of stating a cause of action on such an assessment, an action to enforce a lien against property for its pro rato of a common burden, a mere mistake as to the amount chargeable against a lot, can be regarded as matter of essential description, so as to destroy the identity of the cause of action.
We think, therefore, that the district court erred in overruling the demurrer, and that the judgment should be reversed.
*324 Judgment reversed, demurrer sustained, and causé remanded for further proceedings.
Scott, O.J., and White, Day, and MoIlvaine, JJ., concurred.